IN THE UNITED STATES DISTRIC COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

DEC 17 2010

J. T. NOBLIN, CLERK
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. l:10CV578 LG- RHW |
| | ) |
| v. | ) |
| | ) |
| PENNY PINCHER, INC., LYNN COOLEY, | ) |
| and MICHAEL LAW. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

The United States of America alleges:

### NATURE OF ACTION

1.      This action is brought by the United States to enforce Title VIII of the Civil

Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.

§§ 3601-3631 (the "Fair Housing Act").  It is brought on behalf of Casey Street and the Gulf

Coast Fair Housing Center ("GCFHC") pursuant to 42 U.S.C. § 3612(o), and pursuant to 42

U.S.C. § 3614(a).

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345,

and 42 U.S.C. §§ 3612(o) and 3614.

3.      Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this

action occurred in this judicial district.

PARTIES

4.     Defendant Penny Pincher, Inc., is a Mississippi corporation with its principal

place of business in Gulfport, Mississippi.  It publishes Penny Pincher, a free want ad newspaper,

distributing about 40,000 copies every week in Mississippi's Gulf Coast

5.     At all times relevant to this complaint, Defendant Deanna Cooley owned a house

located at 6810 Mescalero Road, Biloxi, Mississippi, 39532.

6.     At all times relevant to this complaint, Defendant Michael Law acted as

Defendant Cooley's agent with respect to 6810 Mescalero Road.

FACTUAL ALLEGATIONS

7.     The following ten advertisements were published in the Penny Pincher newspaper

on or about the dates indicated; each one is reproduced with emphasis as in the original:

a.     **"FOR RENT:** D'Iberville, 2 bedroom, great neighborhood, no children,

$850 deposit, $850 rent.  228-217-5210." January 24, 2008.  ("Advertisement

1.")

b.     **"QUIET AREA OFF** Lorraine Cowan Road, great large 1 bedroom

apartment, nicely furnished, $795 monthly, utilities paid, $400 deposit, references

required, no children or pets, 228-363-1601 or 228-831-0365." February 14,

2008.

c.     **"CAMPER FOR RENT,** single or couple, all utilities included except

propane gas, $170 weekly, 228-328-4411." March 27, 2008.

d.     **"MOBILE HOME** for rent, 2 bedroom, 1½ bath, newly remodeled.

Close to Canal Road and Highway 53.  Ideal for couple or single person.  No pets.

$650 rent, $600 deposit.  228-831-4040, 228-216-4040." April 10, 2008.

e.     "**FOR RENT, TRAILER**, 16x80, Highway 49, Saucier. Prefer retired couple or single. 2 bedroom, 2 bath, fully furnished with carport on private lot. $600 plus deposit. 228-831-1056 or 228-861-7077." May 1, 2008.

f.     "**2 BEDROOM TRAILER**, couple only, close to I-10 and 49, $600. 877-324-0778." November 6, 2008.

g.     "**2 BEDROOM HOUSE**, couples only, close to 1-10 and 49, $650 monthly. 877-324-0778." November 6, 2008.

h.     "**WIGGINS APARTMENT** for rent, great for one person, senior citizen, college student, bedroom, bathroom, kitchenette, living area, patio furniture, $100 deposit, $285 monthly rent, first paid in advance, some utilities free. After 5 pm, 601-528-4219." November 6, 2008.

i.     "**1 BEDROOM HOUSE** close to I-10, Gulfport. Working couple only. 601-427-2710." November 27, 2008.

j.     "**2 BEDROOM TRAILER**, working couple only, Gulfport. 601-427-2710." December 11, 2008.

8.     At all times relevant to this complaint, Penny Pincher provided no manuals, written policies, or other materials to personnel responsible for handling advertisements.

9.     Casey Street is a Mississippi resident who lives with her husband and three minor children.

10.     On or about January 25, 2008, Street read Advertisement 1.

11.     Street was looking for housing for her family and would have been interested in the property advertised in Advertisement 1 but for the "no children" restriction.

12.    Street and her family found housing elsewhere, for which they paid a monthly rent of $1,050.

13.    Street notified GCFHC about Advertisement 1.

14.    GCFHC is a non-profit corporation based in Gulfport, Mississippi that is dedicated to eliminating housing discrimination and furthering equal housing opportunities through education, outreach, advocacy, and enforcement of fair housing laws.

15.    On or about January 31, 2008, a tester working for GCFHC called the number listed in Advertisement 1.  Law answered the phone and invited the tester to view the property, located at 6810 Mescalero Road.

16.    6810 Mescalero Road is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

17.    The tester went to the property on the same day, and was met there by Law and Cooley, who showed the property to the tester.

18.    The tester asked about a rental application, and Law told her that he and Cooley would get her one.

19.    During the showing, Law and Cooley made the following statements:

    a.    Law told the tester, "You know, we have pools . . . that's the reason we've asked for no kids," or words to that effect.

    b.    Law told the tester, regarding the no children rule, "We've turned a lot of people down but you know . . . it's just such a liability," or words to that effect.

    c.    Cooley told the tester,  "And with the porch, that could be dangerous to kids too," or words to that effect.

    d.    Cooley told the tester, "We're getting a new pool liner too, so if ya'll don't have kids you're welcome to it," or words to that effect.."

-4-

20.     On or about February 25, 2008, the tester called the number in Advertisement 1 again and asked Law if the house was still available.  Law responded that the house was rented.

21.     In addition to sending the tester to 6810 Mescalero Road, GCFHC expended other resources in order to counteract the effects of Defendants' conduct.  Among other actions, GCFHC staff created materials to educate community members about familial status discrimination, canvassed the area, and provided information on fair housing discrimination against families.

22.     GCFHC's actions to counteract the effects of Defendants' conduct impaired its ability to promote fair housing on Mississippi's Gulf Coast.

<u>HUD ADMINISTRATIVE PROCESS</u>

23.     On or about January 22, 2009, Street filed, through her representative, GCFHC, a timely fair housing complaint with the United States Department of Housing and Urban Development ("HUD"), and GCFHC filed two timely fair housing complaints, alleging violations of 42 U.S.C. §§ 3604(a) and (c).

24.     Pursuant to 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD conducted and completed investigations of all three complaints, attempted conciliation without success, and prepared final investigative reports.  Based on the information gathered in the investigations, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that Defendants had engaged in illegal discriminatory housing practices.  Accordingly, on October 6, 2010, the Secretary issued Charges of Discrimination in all three matters, pursuant to 42 U.S.C. § 3610(g)(2)(A).

25.     The Secretary charged Defendant Penny Pincher with engaging in discriminatory practices, based on familial status, in violation of the Fair Housing Act, 42 U.S.C. § 3604(c).

-5-

26.     The Secretary charged Defendants Cooley and Law with engaging in discriminatory practices, based on familial status, in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(a) and (c).

27.     On October 25, 2010, Defendants Cooley and Law elected to have the claims asserted in the two HUD Charges against them resolved in a civil action pursuant to 42 U.S.C. § 3612(a). On this same date, the Administrative Law Judge issued Notices of Election to Proceed in United States Federal District Court and terminated the administrative proceedings on the two complaints against Cooley and Law.

28.     On November 2, 2010, GCFHC filed a timely election to have the claims asserted in the third complaint resolved in a civil action pursuant to 42 U.S.C. § 3612(a). On the next day, the Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on that complaint.

29.     Following these Notices of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

<u>FIRST CLAIM FOR RELIEF</u>

30.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-29, above.

31.     By the actions set forth above, Defendants Cooley and Law have made housing unavailable because of familial status, in violation of 42 U.S.C. § 3604(a).

32.     Street is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i), and has suffered injuries as a result of Defendant Cooley's discriminatory conduct.

33.    GCFHC is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i), and has suffered injuries as a result of Defendant Cooley's and Defendant Law's discriminatory conduct.

34.    The discriminatory actions of the Defendants Cooley and Law were intentional, willful, and taken in disregard for the rights of others.

SECOND CLAIM FOR RELIEF

35.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-29, above.

36.    By the actions set forth above, Defendants have made, printed, or published, or caused to be made printed, or published a notice, statement, or advertisement with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, in violation of 42 U.S.C. § 3604(c).

37.    Street is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i), and has suffered injuries as a result of Defendant Cooley's and Defendant Penny Pincher's discriminatory conduct.

38.    GCFHC is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i), and has suffered injuries as a result of Defendant Cooley's, Defendant Law's, and Defendant Penny Pincher's discriminatory conduct.

39.    The discriminatory actions of the Defendants were intentional, willful, and taken in disregard for the rights of others.

THIRD CLAIM FOR RELIEF

40.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraph 1-29, above.

-7-

41.     Defendant Penny Pincher's conduct in violation of 42 U.S.C. § 3604(c) constitutes:

      a.     A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act in violation of 42 U.S.C. § 3614(a); or

      b.     A denial to a group of person of rights granted by the Fair Housing Act that raises an issue of general public importance in violation of 42 U.S.C. § 3614(a).

42.     In addition to Street and GCFHC, other persons may have been injured by Defendant Penny Pincher's discriminatory actions and practices as described above.  Such individuals are "aggrieved persons" under the Fair Housing Act, 42 U.S.C. § 3602(i).

43.     Defendant Penny Pincher's actions were intentional, willful, and taken in disregard for the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the court enter an ORDER that:

1.     Declares that the discriminatory conduct of Defendants as set forth above violates the Fair Housing Act;

2.     Declares that Defendant Penny Pincher has engaged in a pattern or practice of discrimination in violation of the Fair Housing Act or has denied a group of person rights granted by the Fair Housing Act;

3.     Enjoins Defendants, their agents, employees, successors, and all other person in active concert or participation with any of them from:

      a.     Discriminating on the basis of familial status, in violation of the Fair Housing Act;

b.      Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

c.      Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful practices.

4.      Awards monetary damages, pursuant to 42 U.S.C. §§ 3612(o)(3), 3613(c)(1), and 3614(d)(1)(B) to all persons harmed by the Defendants' discriminatory practices; and

5.      Assesses a civil penalty against Defendant Penny Pincher in an amount authorized by 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3) to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

Dated: November 17, 2010.

Respectfully submitted,

ERIC HOLDER
Attorney General

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

DONALD R. BURKHALTER
United States Attorney

STEVEN H. ROSENBAUM
Chief, Housing and Civil
  Enforcement Section
Civil Rights Division

MITZI DEASE PAIGE
Assistant United States Attorney
188 E. Capitol Street,
One Jackson Place, Suite 500
Jackson, Mississippi 39201
(601) 973-2840
(Mississippi Bar No. 6014)
Mitzi.Paige@usdoj.gov

MICHAEL S. MAURER
Deputy Chief
JOEL FLAXMAN
Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Northwestern Building, 7th Floor
Washington, D.C. 20530
Phone:  (202) 305-4148
Fax:  (202) 514-1116
Email: Joel.Flaxman@usdoj.gov